**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-18-647 |
| | § | |
| LEONEL LARA-MARTINEZ | § | |

### MEMORANDUM AND ORDER

This criminal prosecution is before the Court on the Motion to Dismiss the Indictment ("Motion") [Doc. # 13] filed by Defendant Leonel Lara-Martinez, to which the United States filed its Opposition [Doc. # 15], and Defendant filed a Reply [Doc. # 18]. Having reviewed the record and the applicable legal authorities, the Court **denies** the Motion.

### I. BACKGROUND

In June 2010, Defendant received a Notice to Appear ("NTA") before an Immigration Judge for a removal hearing. Defendant signed the NTA, requested an expedited hearing, and waived his right to the 10-day waiting period. The Immigration Judge held the removal hearing on August 5, 2010. Defendant attended the hearing and was ordered removed to Mexico.

Following his removal in 2010, Defendant re-entered the United States without permission on at least two occasions. Each time, Defendant was detained and the

2010 removal order was reinstated. After he was removed in 2016, Defendant reentered the United States again without permission. He was arrested and charged with the offense of Assault of a Family Member, to which he entered a plea of guilty and was sentenced to two years in the custody of the Institutional Division of the Texas Department of Criminal Justice.

On October 31, 2018, Defendant was charged by Indictment with illegal reentry in violation of 8 U.S.C. § 1326 based on his most recent reentry. Defendant has moved to dismiss the Indictment. The Motion has been fully briefed and is now ripe for decision.

## II. ANALYSIS

Defendant bases his Motion on the recent Supreme Court decision *Pereira v. Sessions*, __ U.S. __, 138 S. Ct. 2105 (June 21, 2018). The *Pereira* case involved the "stop-time rule" in connection with an application for cancellation of removal. An individual subject to removal proceedings may be eligible for cancellation of removal if, among other things, he has been "physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of [the] application" for cancellation. 8 U.S.C. § 1229(b)(1)(A). The "stop-time rule" provides that the period of continuous presence is deemed to end "when the alien is served a notice to appear under section 1229(a)." 8 U.S.C. § 1229(d)(1)(A). The

Supreme Court in *Pereira* held that a Notice to Appear that does not include the date and time for the removal hearing does not constitute a Notice to Appear for purposes of the stop-time rule. The *Pereira* case did not involve any jurisdictional issues, and the Supreme Court's opinion did not address jurisdiction.

The Code of Federal Regulations governing noncitizens' removal proceedings provides that "[j]urisdiction vests, and proceedings before an Immigration Judge commence, when a charging document is filed with the Immigration Court . . .." 8 C.F.R. § 1003.14(a).[1] The Immigration Reform and Immigrant Responsibility Act of 1996 ("IRRIRA") provides that a Notice to Appear must specify "the time and place at which the proceedings will be held." 8 U.S.C. § 1229(a)(1)(G)(i). The applicable regulation identifying the requirements for a Notice to Appear, however, does not require that the Notice to Appear include the time and place for the removal proceeding. *See* 8 C.F.R. § 1003.15. The regulation provides that "[f]ailure to provide any of these items shall *not* be construed as affording the alien any substantive or procedural rights." 8 C.F.R. § 1003.15(c) (emphasis added) .

---

[1] Some courts have questioned whether the term "jurisdiction" in § 1003.14 refers to subject matter jurisdiction, personal jurisdiction, or something else. *See, e.g., U.S. v. Hernandez-Lopez*, 2018 WL 6313292, *4 n.6 (W.D. Tex. Dec. 3, 2018), and cases discussed therein.

After the Supreme Court issued its decision in *Pereira*, district courts have addressed whether an Immigration Court has jurisdiction to adjudicate removal based on a Notice to Appear that does not include the date and time for the removal hearing. The district courts have reached different results. In a footnote in a published opinion, the Fifth Circuit stated that the Supreme Court's *Pereira* decision applies to cancellation applications, not to other immigration proceedings, and favorably cited district court cases holding that *Pereira* does not apply beyond the stop-time rule context. *See Mauricio-Benitez v. Sessions*, 908 F.3d 144, 148 n.1 (5th Cir. 2018).

The Court need not decide whether *Pereira* applies to a Notice to Appear for purposes other than the stop-time rule. In a prosecution for illegal reentry under 8 U.S.C. § 1326(a), an unlawful removal order can satisfy the element of a prior order of exclusion, deportation, or removal. *See United States v. Mendoza-Lopez*, 481 U.S. 828, 835 (1987) (noting that the language of the statute does not require that the underlying deportation order be "lawful"); *see also United States v. Sandoval-Cordero*, __ F. Supp. 3d __, 2018 WL 6253251, *6 (W.D. Tex. 2018) (the "Supreme Court has rejected the argument that only a 'lawful' removal may support a § 1326 prosecution"). Indeed, the § 1326(d) requirements for a challenge to an underlying removal order "necessarily contemplates flawed or invalid removal proceedings serving as the predicate 'prior removal' in § 1326 prosecutions." *United States v.*

*Hernandez-Lopez*, 2018 WL 6313292, *3 (W.D. Tex. Dec. 3, 2018). Therefore, Defendant Lara-Martinez can challenge the 2010 removal order in this case only if he satisfies the requirements of § 1326(d).

In a criminal proceeding under § 1326, the defendant may not challenge the validity of the underlying removal order unless he demonstrates that (1) he has exhausted any administrative remedies that may have been available to seek relief against the order; (2) the removal proceedings resulting in the order deprived the defendant of the opportunity for judicial review; and (3) the entry of the underlying order was fundamentally unfair. *See* 8 U.S.C. § 1326(d); *see also United States v. Lopez-Ortiz*, 313 F.3d 225, 229 (5th Cir. 2002). If the defendant fails to establish any one prong of the three-part test, the Court need not consider the others. *See United States v. Mendoza-Mata*, 322 F.3d 829, 832 (5th Cir. 2003).

A removal order of an immigration judge may be appealed to the Board of Immigration Appeals ("BIA"). *See* 8 C.F.R. § 1003.3(b). It is undisputed that Lara-Martinez has not exhausted his administrative remedies to seek relief from the BIA against the underlying removal order. Defendant argues that he is not required to exhaust his administrative remedies because the immigration proceeding was void under *Pereira*. A court's exercise of apparent jurisdiction, even if erroneous, is not subject to collateral attack if the party seeking to challenge the order had the prior

opportunity to challenge jurisdiction and failed to do so.[2] *See, e.g. Royal Ins. Co. of Am. v. Quinn-L Cap. Corp.*, 960 F.2d 1286, 1293 (5th Cir. 1992); *Pipco v. Global Marine Drilling Co.*, 900 F.2d 846, 850 (5th Cir. 1990); *United States v. Hansard*, 2007 WL 2141950, *1 (5th Cir. 2007). As a result, even if the Immigration Court arguably lacked jurisdiction, Defendant was required to exhaust his administrative remedies in order to challenge the underlying removal order in this case. It is undisputed that he failed to do so.

Defendant has failed to show that the 2010 proceeding improperly deprived him of the opportunity for judicial review. Defendant appeared in person for the 2010 removal hearing and had the opportunity to appeal the removal order. Defendant's election not to take advantage of that opportunity means he does not satisfy the second requirement for a collateral challenge under § 1326(d).

Defendant has not demonstrated that entry of the removal order was prejudicial or otherwise unfair. Entry of the underlying order is fundamentally unfair, or prejudicial to the defendant, where there is a "reasonable likelihood that but for the errors complained of the defendant would not have been" removed. *See Mendoza-*

---

[2] Even if the failure to include the date and time of the removal proceeding in the Notice to Appear deprived the Immigration Court of subject matter jurisdiction, it is beyond dispute that the Immigration Judge in this case would have reasonably believed that jurisdiction existed.

*Mata*, 322 F.3d at 832 (internal quotation marks and citation omitted).  In this case, Defendant requested an expedited hearing, which was held on August 5, 2010, with Defendant present.  There is nothing in the record to indicate that if the Notice to Appear had included the date and time for the removal proceeding – a proceeding at which Defendant was present – the proceeding would not have resulted in Defendant's removal.

### III. CONCLUSION AND ORDER

Defendant has failed to establish any of the three § 1326(d) requirements to challenge collaterally his prior removal order.  As a result, it is hereby

**ORDERED** that the Motion to Dismiss the Indictment [Doc. # 13] is **DENIED**.

SIGNED at Houston, Texas this **14th** day of **December, 2018.**

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE